7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jairo NAVARETTE, Defendant/Appellant.
 No. 92-4113.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jairo Navarette received a sentence of 121 months in prison for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Navarette delivered three kilograms of cocaine to an undercover agent and agreed to supply another three kilograms soon after. The total of six kilograms was used to calculate Navarette's sentence pursuant to Sentencing Guideline § 2D1.4(a). Navarette objects to the inclusion of the three undelivered kilograms in the calculation of his sentence and argues that the trial court did not state the factual basis for its calculation of the six kilograms of cocaine. We find no clear error and affirm.
 
 
 2
 The trial court's determination as to the amount of cocaine involved in an offense is a factual finding, reviewed under the clearly erroneous standard. United States v. Hoffman, 957 F.2d 296, 300 (7th Circuit), cert. denied, 112 S.Ct. 2315 (1992); United States v. Buggs, 904 F.2d 1070, 1078 (7th Cir.1990). In an uncompleted distribution situation, the weight under negotiation is included unless the court finds the defendant did not intend to produce and was not reasonably capable of producing the amount. U.S.S.G. § 2D1.4, comment. (n. 1). As we have noted, the Application Note's purpose is to prevent a defendant from being sentenced on the basis of idle boasts or braggadocio rather than for the contraband he intended to produce or buy. United States v. Cea, 963 F.2d 1027, 1031 (7th Cir.), cert. denied, 113 S.Ct. 281 (1992); United States v. Ruiz, 932 F.2d 1174, 1183 (7th Cir.), cert. denied, 112 S.Ct. 151 (1991).
 
 
 3
 The district court found that Navarette intended to produce and was reasonably capable of producing the additional three kilograms of cocaine, and the record supports such a finding. After an unsuccessful negotiation for 14 kilograms, Navarette arranged the details of a different drug sale, negotiating a deal for six kilograms of cocaine to be sold to the undercover agents. The deal was to be completed in three transactions of two kilograms each, but Navarette then agreed to deliver three kilograms of cocaine on each of two occasions. At the first meeting, immediately before he was arrested, Navarette promised to deliver the three additional kilograms of cocaine the next day, assuring the buyers he could get as much cocaine as they wanted. Further, Navarette bargained with the buyers, finally offering the six kilograms at a discounted price.
 
 
 4
 Navarette claimed to know the source of "every kilo of cocaine that comes to Chicago from Miami." While this is obvious braggadocio as highlighted by Ruiz, Navarette in fact produced three kilograms and promised delivery of the other three the next day, he arranged for a discounted price, he negotiated the place of delivery, and consistently maintained that the single deal was for six kilograms of cocaine at a price of $24,500 per kilogram. The specifics as to these factors of time, place, price and quantity clearly indicate that Navarette intended to produce and was reasonably capable of producing the negotiated amount.
 
 
 5
 We turn briefly to Navarette's contention regarding the adequacy of the district court's factual findings. The district court stated that "there is every basis for attributing the other three kilos that were under discussion to Mr. Navarette," and found that Navarette was reasonably capable of producing them. Supportive reasons, not mere conclusions, are "important not only to the defendant whose future is at stake but also to the appellate process." United States v. White, 888 F.2d 490, 495 (7th Cir.1989); see also United States v. Jackson, 983 F.2d 757, 771 (7th Cir.1993). However, we also determine on an individualized basis whether a defendant has offered a meritorious argument for remanding the case for resentencing.[1] United States v. Mojica, 984 F.2d 1426, 1443 (7th Cir.1993); United States v. Edwards, 945 F.2d 1387, 1400 (7th Cir.1991). Because the record supports the six kilogram calculation and sentence, resentencing is not warranted. Therefore, we AFFIRM the judgment of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The government did not argue that Navarette waived this objection by failing to raise it at the time of sentencing, United States v. Caicedo, 937 F.2d 1227, 1236 (7th Cir.1991), so we must address the merits of Navarette's argument for remanding this case. See United States v. Leitchtnam, 948 F.2d 370 (7th Cir.1991) (finding the government waived waiver as a defense by failing to brief it); United States v. Dunkel, 927 F.2d 955 (7th Cir.1991) (same)